IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00499-MSK-KMT

DAVID G. ALEXANDER a/k/a GERALD TERRELL,

      Applicant,

v.

JAMES ABBOTT, Acting Warden of C.T.C.F.,

      Respondent.

## ORDER DENYING HABEAS APPLICATION

THIS MATTER comes before the Court *sua sponte* following issuance of an Order Directing Parties to Advise the Court of the Basis for its Subject Matter Jurisdiction **(#6)**. Both parties responded **(#8, #9, #19)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

The Applicant, David G. Alexander (a/k/a Gerald Terrell), filed an Application for a Writ of Habeas Corpus **(#3)** under 28 U.S.C. §§ 2241[1] and 2254,[2] but he asks the Court to construe his

---

[1] Under 28 U.S.C. § 2241(c), a prisoner shall not be granted a writ of habeas corpus unless:
(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
(5) It is necessary to bring him into court to testify or for trial.

[2] Under 28 U.S.C. § 2254, this Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

claims as arising under any applicable statute.[3] The Respondent is James Abbott, the acting warden of the Colorado Territorial Correctional Facility.

In his Application, Mr. Alexander does not challenge any conviction or sentence, nor the manner in which a current sentence is being executed. Instead, he complains of "untried warrants from the State of Mississippi that have been pending since before 2000." He alleges that he has sought to be extradited to Mississippi so that he can be tried on the charges, to no avail, and asks that all untried charges be dismissed. He also claims that there has been a violation of the Interstate Agreement on Detainers premised upon at least one Mississippi detainer, but he also agrees that Mississippi is not a party to the Interstate Agreement on Detainers.[4]

Concerned about the basis for exercise of subject matter jurisdiction, the Court directed the parties to address such issue. Mr. Alexander's filings **(#8, #9)** are silent on the issue. Instead, he advises that he is now being held in Mississippi on the untried charges, and expresses concern that officials in Mississippi are denying him his right to a speedy trial on those charges. By contrast, Mr. Abbott contends that Mr. Alexander has not stated any cognizable habeas claims under either 28 U.S.C. § 2241 or § 2254, and that Mr. Alexander's claims are moot because he is no longer being housed in a Colorado prison.

Mr. Alexander has not demonstrated any basis for this Court's subject matter jurisdiction. Neither of the habeas statutes relied upon by Mr. Alexander – 28 U.S.C. §§ 2241 and 2254 – applies to his challenge to the untried Mississippi charges, particularly given the inapplicability

---

[3] Because he is a prisoner who appears *pro se*, the Court liberally construes everything he has filed in accordance with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[4] Indeed, Mississippi is not a signatory to the Interstate Agreement on Detainers, and thus is not bound to comply with it. *See Stern v. Mississippi,* 2007 WL 3441718, *1 n.2 (S.D. Miss. 2007).

of the Interstate Agreement on Detainers.[5]  Further, he is no longer in Mr. Abbott's custody. Therefore, he has demonstrated no basis upon which he can continue to seek relief from Mr. Abbott.

**IT IS THEREFORE ORDERED** that Mr. Alexander's Application for a Writ of Habeas Corpus **(#3)** is **DENIED**.  The Clerk of Court is directed to close this case.

Dated this 18th day of June, 2008

**BY THE COURT:**

Marcia S. Krieger
United States District Judge

---

[5] *Cf. Mills v. McKune,* 2008 WL 2221849 (10th Cir. May 30, 2008) (unpublished) (28 U.S.C. § 2254 provides no relief for a violation of a state statute which simply promulgates the Interstate Agreement on Detainers).